# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

WILLIAM MANUEL HARRISON,                                      PLAINTIFF
#168243

v.                                4:20CV00057-KGB-JTK

MIKE MAY                                                                     DEFENDANT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff William Harrison filed this pro se 42 U.S.C. § 1983 action while incarcerated at the Yell County Jail, alleging inadequate medical care. (Doc. No. 2). By Order dated January 16, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to submit an Amended Complaint within thirty days, noting that he did not include any allegations against the sole Defendant, Mike May. (Doc. No. 4) As of this date, Plaintiff has not submitted an Amended Complaint.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §

2

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

3

short of the line between possibility and plausibility of entitlement to relief." Id.

## III. Facts and Analysis

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff alleged in his Complaint that he re-injured a hernia on December 17, 2019 and saw a doctor on December 20, 2019. (Doc. No. 2, p. 4) Although he was told that the doctor would recheck him in two weeks, as of January 10, 2020, he had not been seen. (Id.) He continued to suffer pain and asked for damages due to medical negligence. (Id. p. 5) In the January 16, 2020 Order, the Court noted that Plaintiff did not allege any specific facts relating to his medical care against Defendant May, the Jail Administrator, and the Court then specified what facts/allegations should be included in an Amended Complaint. (Doc. No. 4, p. 4)

Plaintiff stated in his complaint that he is housed at the Jail as a pretrial detainee (Doc. No. 2, p. 3); therefore, due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1976). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment, claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

4

Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Furthermore, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). A prison official who is "not involved in treatment decision made by the medical unit's staff and 'lacked medical expertise,...cannot be liable for the medical staff's diagnostic decision[s].'" Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Camberos, 73 F.3d at 176). Finally, "if any claim of medical indifference ... is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." Kulow v. Nix, 28 F.3d 855, 859 (8th Cir. 1994) (quoting Brown, 957 F.2d at 566).

Plaintiff identified Defendant as the Jail Administrator and alleged only that he refused to provide Plaintiff copies of his Complaint. Plaintiff did not allege that Defendant was involved in his medical treatment decisions or that he refused Plaintiff's request for medical treatment. In addition, Plaintiff asked for relief based on medical negligence. However, as noted in Rosenberg, a prisoner must show more than gross negligence to allege a constitutional claim for relief. 56 F.3d at 37. Therefore, because Plaintiff did not submit an amended Complaint in accordance with the Court's January 16, 2020 Order, the Court finds that his Complaint should be dismissed, for failure to state a claim upon which relief may be granted.

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint against Defendant be DISMISSED without prejudice, for

5

failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 18th day of February, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.